IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KELLY J. VOSGIEN,

                                      Case No. 3:11-cv-134-ST

          Petitioner,

    v.

GARY KILMER,

                                      FINDINGS AND RECOMMENDATION

          Respondent.


Anthony D. Bornstein, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

          Attorney for Petitioner

John R. Kroger, Attorney General
Andrew D. Hallman, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

          Attorneys for Respondent


    1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the validity of his underlying state court convictions for Rape, Sodomy, Sexual Abuse, and Compelling Prostitution.  For the reasons that follow, the Petition for Writ of Habeas Corpus (docket #1) should be dismissed because it is untimely, and petitioner cannot excuse this procedural default.

<u>**BACKGROUND**</u>

In 2006 petitioner pleaded guilty to three counts of Compelling Prostitution, three counts of Rape in the First Degree, and three counts of Sodomy in the First Degree for crimes he committed against his daughter, T.V., beginning when she was 13 years of age.  Respondent's Exhibit 102. He also pleaded guilty to one count of Sexual Abuse in the First Degree for an incident involving his stepdaughter.  *Id.*  As a result, the trial court sentenced petitioner to 670 months in prison.  Respondent's Exhibit 101.

Petitioner did not file a direct appeal and instead filed for post-conviction relief ("PCR") raising claims of ineffective assistance of counsel and trial court error.  Respondent's Exhibit 106.  The PCR trial court denied relief on all of petitioner's claims.  Respondent's Exhibit 128.  The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme

Court denied review.  *Vosgien v. Nooth*, 236 Or. App. 239, *rev. denied,* 349 Or. 57 (2010).

Petitioner concedes that he failed to file his Petition for Writ of Habeas Corpus within the Anti-terrorism and Effective Death Penalty Act's one-year statute of limitations.  He nevertheless asks the court to excuse this procedural deficiency and reach the merits of his claims because he is actually innocent of his three convictions for Compelling Prostitution.[1]

## **FINDINGS**

A gateway showing of actual innocence pursuant to *Schlup v. Delo*, 513 U.S. 298 (1995), can excuse a petitioner's failure to timely file his habeas corpus petition.  *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (*en banc*).  In order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  *Id.* at 324; *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000), *cert. denied*, 532 U.S. 999 (2001).  "Without

---

[1]  Respondent also argues that petitioner procedurally defaulted by failing to fairly present any of his grounds for relief to Oregon's state courts.  Petitioner neither concedes nor denies this, but the issue does not impact the disposition of this case.  If petitioner is able to demonstrate actual innocence so as to excuse his untimely filing, any default flowing from the failure to fairly present his claims to the state courts also will be excused.

any new evidence of innocence, even the existence of a . . . meritorious constitutional violation is not sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316. Ultimately, petitioner must prove that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Id* at 327; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Downs*, 232 F.3d at 1040.

Petitioner contends that he is actually innocent of his three convictions for Compelling Prostitution as to T.V. because the prosecution theorized only that he induced his daughter to have sex with him in exchange for money and cigarettes. He argues that Oregon law clearly provides that in order to compel prostitution, the defendant must pay the victim to have sex with a third party. Assuming that this interpretation is correct, Respondent asserts that petitioner's actual innocence argument is unavailing because: (1) he fails to present any new, reliable evidence of innocence and instead relies upon an argument of legal insufficiency; and (2) he pleaded guilty and, therefore, is not eligible to avail himself of the actual innocence exception to procedural default.

The court need not decide whether a petitioner who pleaded guilty can later assert a claim of actual innocence. The court also need not determine whether petitioner's claim of innocence as to Compelling Prostitution is one of factual innocence or one of

legal insufficiency.  Instead, assuming petitioner has shown he is
factually innocent of the specific crime of Compelling
Prostitution, the court must determine whether he is entitled to a
review of the merits of his defaulted claims where he does not
contest his guilt as to his Rape and Sodomy convictions.

Petitioner pleaded guilty to a total of ten different crimes,
nine of which involved T.V.  Petitioner does not contest his guilt
as to six of his convictions involving T.V., all of which were more
serious under Oregon's Penal Code than the crime of Compelling
Prostitution.[2]  In fact, petitioner's sentences for Compelling
Prostitution were imposed concurrently and, thus, do not affect any
part of his 670-month term of imprisonment.  Respondent's Exhibit
105, p. 23.  Under these circumstances, it is difficult to conclude
that petitioner's case is one of the "extraordinary" cases of
innocence contemplated by *Schlup*.  *Schlup*, 513 U.S. at 327; *see
also Sawyer v. Whitley*, 505 U.S. 333, 340 (1992) ("A prototypical
example of 'actual innocence' in a colloquial sense is the case
where the State has convicted the wrong person of the crime.").

Petitioner argues that he need not prove his innocence as to
all of his claims in order to pass through *Schlup's* gateway of
actual innocence.  The sole case petitioner offers to support his

---

[2]  Compelling Prostitution carries a minimum sentence of 70
months.  ORS 137.700.  By contrast, Rape in the First Degree and
Sodomy in the First Degree carry 100-month minimum sentences. *Id.*

5 - FINDINGS AND RECOMMENDATION

assertion is an Eighth Circuit capital case where the petitioner, who had been convicted and sentenced to death following a jury trial, produced new evidence that he suffered from an organic brain disease that had the potential to show that he could not have acted with the requisite element of deliberation to commit the capital offense such that he was actually innocent of capital murder. *Jones v. Delo*, 56 F.3d 878, 882-83 (8th Cir. 1995).

The court views *Jones* as vastly different than the situation here. This is a non-capital case in which petitioner pleaded guilty and is not raising an actual innocence claim in order to invalidate his most serious conviction and, thus, avoid the death penalty. Instead, he seeks to invoke the actual innocence exception to procedural default by proving his innocence only as to his least serious convictions. In this regard, the court believes the Supreme Court's decision in *Bousley* is more instructive.

In *Bousley*, the Supreme Court explained that in the context of a guilty plea, a petitioner asserting a gateway claim of actual innocence to overcome a procedural default must not only make a showing of innocence as to the claim to which he pleaded guilty, but also to any more serious charges that the Government dismissed during the course of plea bargaining. *Bousley*, 523 U.S. at 624. It logically follows that a petitioner who actually pleaded guilty to nine crimes with respect to a single victim, but who can make a showing of actual innocence as to only the three least serious

crimes of conviction, is not entitled to pass through *Schlup's* gateway of actual innocence. To conclude otherwise would simply make no sense.

Moreover, the *Schlup* test is satisfied only where the evidence of innocence is so strong that a court cannot have confidence in the outcome of the trial. *Schlup*, 513 U.S. at 316. Here, petitioner pleaded guilty to a variety of charges and does not contest his guilt as to repeatedly raping and sodomizing his daughter. Given his admitted guilt as to these more serious charges, and where the challenged convictions have no impact on the legality or duration of his sentence, he fails to present evidence of innocence so strong that the court cannot have confidence in the outcome of his trial-level proceedings. As such, petitioner is unable to excuse his untimely filing through a showing of actual innocence.

Because petitioner concedes that he filed his Petition for Writ of Habeas Corpus outside of the allowable statute of limitations, and as he is unable to pass through *Schlup's* gateway of actual innocence in order to excuse this deficiency, the Petition should be dismissed.

///

///

///

///

7 - FINDINGS AND RECOMMENDATION

///

## RECOMMENDATION

The Petition for Writ of Habeas Corpus (docket #1) should be DISMISSED as untimely, and a judgment should be entered dismissing this case with prejudice.  The court should grant a Certificate of Appealability as to the issue of whether petitioner has made a showing of actual innocence sufficient to excuse the procedural deficiencies with his Petition.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due April 23, 2012.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 4th day of April, 2012.

                              s/  Janice M. Stewart

                              Janice M. Stewart
                              United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION