IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KELLY J. VOSGIEN,

       Petitioner,

       v.                                      No. 3:11-cv-134-ST

                                               OPINION AND ORDER

GARY KILMER,

       Respondent.

Anthony D. Bornstein
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
       Attorney for Petitioner

John Kroger
Attorney General
Andrew D. Hallman
Assistant Attorney General
Oregon Department of Justice
1162 Court Street, NE
Salem, Oregon 97301
       Attorneys for Respondent

**SIMON, District Judge:**

On April 4, 2012, the Honorable Janice Stewart, United States Magistrate Judge, filed Findings and Recommendation ("F & R") (Doc. # 29). The matter is now before me pursuant to the Magistrates Act, 28 U.S.C. § 636(b)(1)(B), and Rule 72(b) of the Federal Rules of Civil Procedure. Under the Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*; Fed. R. Civ. P. 72(b)(3); *Dawson v. Marshall,* 561 F.3d 930, 932 (9th Cir. 2009). De novo review means that the court "considers the matter anew, as if no decision had been rendered." *Dawson,* 561 F.3d at 933.

Petitioner has filed timely objections to Judge Stewart's recommendation that his Petition for Writ of Habeas Corpus (doc. # 1) be dismissed with prejudice as untimely, but that a Certificate of Appealability be issued on the question of whether Petitioner has made a showing of actual innocence sufficient to excuse the procedural deficiencies of his Petition. After de novo review, I adopt the F & R.

## PETITIONER'S OBJECTIONS

Petitioner objects to the following findings and recommendations:

1. The finding that "it is difficult to conclude that petitioner's case is one of the 'extraordinary' cases of innocence contemplated by *Schlup*."

2. The findings that Petitioner failed to make the requisite showing for passing through the actual innocence gateway.

3.  The finding that Petitioner "is unable to excuse his untimely filing through a showing of actual innocence."

4.  The recommendation that the habeas petition be dismissed.

Petitioner's objections are not accompanied by arguments other than those made before the Magistrate Judge.

Upon de novo review, the court finds no error in Judge Stewart's conclusions. Accordingly, the court ADOPTS the Findings and Recommendation (doc. # 29).

IT IS SO ORDERED.

Dated this 7th day of May, 2012.

                                                      Michael H. Simon
                                             United States District Judge